UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREGORY LOVELAND, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 16-2778 (RBK) (KMW) |
| | : | |
| v. | : | |
| | : | |
| WARDEN DAVIS S. OWENS, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is a pretrial detainee proceeding *pro se* with his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The filing fee for a civil complaint is $400.00. If a pretrial detainee-plaintiff is proceeding *in forma pauperis*, the fee is $350.00, subject to being paid in installments as described below.

A pretrial detainee who seeks to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the pretrial detainee is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The pretrial detainee must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The pretrial detainee must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on

deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Even if a pretrial detainee is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the pretrial detainee's account exceeds $10.00, the agency having custody of the pretrial detainee shall assess, deduct from the pretrial detainee's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the pretrial detainee's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, plaintiff has not paid the $400.00 filing fee. Furthermore, his application to proceed *in forma pauperis* is incomplete. Plaintiff has not had his inmate account statement certified by the appropriate prison official. Therefore, the application to proceed *in forma pauperis* will be denied without prejudice. Accordingly, the Clerk will be ordered to administratively close the case. Plaintiff may reopen this action, however, by either paying the filing fee or submitting a complete *in forma pauperis* application.

DATED:  July 11,  2016                             s/Robert B. Kugler
                                                                      ROBERT B. KUGLER
                                                                      United States District Judge