IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY

 GREGORY LOVELAND,                    HONORABLE JEROME B. SIMANDLE

              Plaintiff,
                                           Civil Action
        v.                              No. 16-2778 (JBS-AMD)

 DAVID S. OWENS and CAMDEN
 COUNTY DEPARTMENT OF                        **OPINION**
 CORRECTIONS,

              Defendants.


APPEARANCES:

Gregory Loveland, Plaintiff pro se
#413739-B
Southern State Correctional Facility
4295 Rt. 47
Delmont, NJ 08312

Anne E. Walters, Esq.
William H. Kenney, Esq.
OFFICE OF COUNTY COUNSEL
520 Market Street
Camden, NJ 08102
     Attorneys for Defendants


**SIMANDLE**, District Judge:

**I.    INTRODUCTION**

     This matter comes before the Court on the unopposed motion

for summary judgment of Defendants David S. Owens and Camden

County Department of Corrections (collectively, "Defendants").

[Docket Item 25.] The motion is being considered on the papers

pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion shall be granted.

**II.  BACKGROUND**

   **A.  Plaintiff's Allegations**

Plaintiff Gregory Loveland ("Plaintiff") was a pretrial detainee at the Camden County Correctional Facility ("CCCF") between February and September of 2016. [Docket Item 1; Docket Item 27.] He is proceeding pro se with a 42 U.S.C. § 1983 civil rights complaint regarding the conditions of confinement during his stay at CCCF.

On May 13, 2016, Plaintiff filed an Inmate Grievance Form. (Compl. at 8.) According to Plaintiff: "I'm having serious problems with trying to deal with the [CCCF] overcrowding situation. I do know and understand this to be a major civil rights violations [sic], and despite many warnings/complaints the Administration here continues to pack this place in as a matter of practice and policy." (Id.) Plaintiff further "humbly request[ed] that the administration here rectifies the overcrowding here ASAP." (Id.)

Four days later, Plaintiff filed a civil complaint against Defendants and an application to proceed in forma pauperis ("IFP Application"). [Docket Item 1.] In his complaint, Plaintiff alleges that, due to "severe" overcrowding in the prison, he was housed with more than 30 inmates in a unit (Unit 5D North) that

2

was originally designed to hold only 28. (Compl. at 6.} As a result of the overcrowding, Plaintiff avers, he was subject to several "deleterious conditions," including: (1) inadequate "dayroom" space; (2) mold and insect infested showers; and (3) "triple celling," which resulted in "a 3rd and sometimes 4th man sleep[ing] on the floor with nothing more than a mattress next to the cell's toilet and exposed to urine and fecal matter." (Id.)

As relief for the alleged violation of his constitutional and statutory rights, Plaintiff requests $11,500,000 in punitive damages, as well as $1,000 in compensatory damages "for each day [Plaintiff] was unlawfully housed in a [sic] overcrowded environment as well as a 3 man cell." (Id. at 7.)

**B.  Procedural History**

On July 11, 2016, the Honorable Robert B. Kugler dismissed the matter without prejudice due to Plaintiff's failure to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding filing of his complaint with his IFP Application. [Docket Item 3.] On July, 22, 2016, Plaintiff filed the necessary paperwork to complete his IFP Application. [Docket Item 5.] On August 9, 2016, Judge Kugler granted Plaintiff's IFP Application and directed the Clerk of the Court to reopen the case and file the complaint. [Docket Item 6.] After screening Plaintiff's

complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, Judge Kugler ordered that Plaintiff's complaint be allowed to proceed in its entirety against Defendants. [Docket Item 7.] On September 14, 2016, the case was reassigned to the undersigned and Magistrate Judge Donio for all further proceedings. [Docket Item 12.]

On October 6, 2016, Defendants filed an answer to Plaintiff's complaint. [Docket Item 16.] On October 31, 2016, Magistrate Judge Ann Marie Donio issued a scheduling order requiring that all pretrial factual discovery be concluded by February 28, 2017. [Docket Item 22.] Defendants sent Plaintiff a list of interrogatories, which Plaintiff answered and certified. [Exhibit B to Docket Item 25 ("Interrogatories to Plaintiff").] Defendants also sent Plaintiff a request for the production of documents [Exhibit C to Docket Item 25], but Plaintiff never responded. (Def. Br. at 3.) According to Defendant, Plaintiff did not make any discovery requests. (Id.) Thereafter, Defendants filed the motion for summary judgment now pending before the Court. [Docket Item 25.]

On October 31, 2017, the Court mailed Plaintiff a letter granting him additional time to file a response to Defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56(e)(1). [Docket Item 31.] Plaintiff did not timely file opposition, and Defendants' motion remains unopposed.

4

**III. STANDARD OF REVIEW**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Where, as in this case, the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment by observing that there is an absence of evidence to support an essential element of the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); see also Rahman v. Taylor, 2013 WL 1192352, at *2–3 (D.N.J. Mar. 21, 2013). Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. A plaintiff opposing a defendant's motion for summary judgment has the burden of coming forward with evidence, not mere allegations, that would raise a genuine dispute of material fact and suffice to enable a reasonable jury, giving all favorable inferences to the plaintiff as the party opposing summary judgment, to find in plaintiff's favor at trial. Rule 56(c)(1)(A) further provides

that, to create a genuine issue of material fact, the nonmovant must do so by:

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c)(1)(A).

However, failure to respond to a motion for summary judgment "is not alone a sufficient basis for the entry of a summary judgment." Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). The Court still must determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is appropriate. Id.

In order to grant Defendants' unopposed motion for summary judgment, where, as here, "the moving party does not have the burden of proof on the relevant issues, . . . the district court must determine that the deficiencies in opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Id. at 175. Additionally, pursuant to Local Civ. R. 56.1(a), Defendants' statements of material facts, having not been admitted, denied

or addressed by Plaintiffs in any other fashion, are deemed undisputed for the purposes of this motion.[1]

**IV. DISCUSSION**

As stated above, in this case the evidentiary record consists of what Defendants attached to their motion for summary judgment and Plaintiff's response to Defendants' interrogatories, which virtually mirror Plaintiff's allegations in his complaint. Plaintiff has provided the Court only with pleadings that contain a mix of facts and legal conclusions. The complaint contains no attached affidavit, certifications, or exhibits. Plaintiff did not respond to Defendants' document request, nor has Plaintiff made any discovery demands on

---

[1] Plaintiff has not responded to the pending motion other than by filing two letters about his motion to appoint pro bono counsel [Docket Items 27 and 29], which Magistrate Judge Donio denied without prejudice on May 9, 2017. [Docket Item 25.] These letters do not constitute a responsive statement of facts for summary judgment purposes. See Local Civ. R. 56.1(a) ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion . . . .").

As noted above, the Court granted Plaintiff additional time to file a response to Defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56(e)(1). [Docket Item 31.] As the Court did not receive any response from Plaintiff within the allotted time, the Court considers Defendants' motion to be unopposed and deems the Defendants' statement of material facts undisputed for summary judgment purposes. See Fed. R. Civ. Pro. 56(e)(2).

7

Defendants. Mere pleadings are insufficient to defeat summary judgment. Rahman, 2013 WL 1192352, at *3. The ample time for completing factual discovery has expired.

Defendants assert in their uncontroverted Statement of Material Facts that Plaintiff was a pre-trial detainee housed in Unit 5D North from late February 2016 until late September 2016. [Docket Item 25-8 at ¶¶ 1-2.] According to Defendants, the capacity of Unit 5D North was 28 inmates, but the actual population of Unit 5D North was 36 inmates on February 28, 2016 (on or around the date Plaintiff was initially housed in Unit 5D North) and 32 inmates on September 26, 2016 (on or around the date Plaintiff was transferred to Unit 3D South). [Docket Item 25-8 at ¶¶ 4-6.] In essence, Defendants concede there was some overcrowding in Unit 5D North during the entire relevant period. Moreover, Defendants do not appear to contest Plaintiff's claim that he was housed with two other men in a cell designed for two men total (i.e., "triple celled") for "nearly [his] entire stay" at Unit 5D North. [Docket Item 27.] Thus, the Court will assume, for purposes of this motion, that Plaintiff was "triple celled" for about seven months.

Defendants argue that, based on these facts, Plaintiff fails to state a claim or raise a dispute of material fact as to any Fourteenth Amendment violation. (Def. Br. at 3-5.) Specifically, Defendants contend that Plaintiff has adduced no

8

proof of unconstitutional conditions, no proof of injury or damages, and no evidence that Defendants were deliberately indifferent to the allegedly constitutional violations, as required by Bell v. Wolfish, 441 U.S. 520, 535 (1979) and Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007).

Defendants' factual assertions, which are deemed undisputed, indicate that entry of summary judgment is appropriate. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not, on its own, rise to the level of a constitutional violation. See Rhodes v. Chapman, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); Carson v. Mulvihill, 488 Fed. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'") (quoting Bell, 441 U.S. at 542)). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, "shocks the conscience," and thus violates due process rights. See Hubbard v. Taylor, 538 F.3d 229, 233 (3d Cir. 2008) (noting that due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the

9

purposes assigned to them"). Here, Plaintiff has adduced no evidence that the conditions he experienced while "triple celled" in a two-man unit for seven months were so severe that they "shock the conscience." Similarly, being a detainee in a unit housing 32 to 36 inmates though designed for 28 does not, standing alone, rise to the level of a due process violation.

Defendants further assert that, as a result of other class-action litigation addressing overcrowding and conditions of confinement at CCCF, overcrowding has "steadily declined." [Docket Item 25-8 at ¶ 3.] Indeed, as a result of the Dittimus-Bey litigation,[2] there has been a significant lessening of the crowding in CCCF and improvements in other prison conditions. [Docket Item 25-6.] Indeed, the CCCF's population, in a faculty designed for 1,267 persons was only 1,210 on the day of Plaintiff's release. [Docket Item 25-7.] While it is conceivable that an individual inmate could be subjected to unconstitutional conditions even at a jail that is continuously monitored and operating within reasonable capacity limits, Plaintiff has not adduced any evidence that he has actually suffered such

---

[2] See Order Approving Amended Final Consent Decree, Dittimus-Bey v. Taylor, No. 05-0063 (D.N.J. June 30, 2017), ECF No. 225; see also Dittimus-Bey v. Taylor, 2013 WL 6022128 (D.N.J. Nov. 12, 2013); Dittimus-Bey v. Taylor, 244 F.R.D. 284 (2007).

The Court does not imply that Plaintiff's claims for monetary relief are barred by the class action settlement of Dittimus-Bey, since that case only involved claims for injunctive relief.

deprivation. Furthermore, the complaint does not assert any facts from which a reasonable fact finder could discern that the only individually-named Defendant, David S. Owens, was deliberately indifferent to these conditions.

These undisputed facts refute any claim that Defendants or other supervisors at the facility were "deliberately indifferent" to the alleged constitutional violations, which is the mental culpability that must be proven to find liability under § 1983. See Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 250 (3d Cir. 2007) (describing the "deliberate indifference" standard). There is no evidence of conduct that would tend to show deliberate indifference on the part of Defendants. Thus, Defendants are entitled to summary judgment on Plaintiff's "triple celling" Fourteenth Amendment claim.

In addition, Plaintiff's vague and cursory allegations regarding inadequate "dayroom" space and mold and insect infested showers essentially complain "of an inconvenient and uncomfortable situation"; however, "the Constitution does not mandate comfortable prisons." Carson, 488 Fed. App'x at 560 (quoting Rhodes, 452 U.S. at 349). Notably, in neither claim does Plaintiff identify a single "basic human need" which he has been denied. Rhodes, 452 U.S. at 347 (citing Hutto v. Finney, 437 U.S. 678, 685-88 (1978)). Without more, the Court cannot say that a reasonable fact finder could conclude that these

conditions deprived Plaintiff of any basic human needs. See Carter v. Owens, 2017 WL 4107204, at *10 (D.N.J. July 21, 2017) (finding that, without additional details about the nature of prisoner's inadequate "dayroom" space claim, prisoner "has not demonstrated that denial of access to it was sufficiently serious to deprive him of the minimal measure of life's necessities"); Williams v. Meisel, 2014 WL 4744561, at *4 (E.D. Pa. Sept. 24, 2014) (finding that mold in showers did not amount to constitutional violation because the mold did not expose inmates to an unreasonable risk of serious damage to future health). For example, Plaintiff adduces no evidence that he was sickened by these conditions or that the crowding led to any assault by another inmate, or that he was significantly sleep-deprived due to these conditions. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment claims involving alleged inadequate "dayroom" space and mold and insect infestation.

## V. CONCLUSION

For the reasons stated above, the Defendants' motion for summary judgment is granted. An accompanying Order will be entered.

**December 15, 2017**                   **s/ Jerome B. Simandle**
Date                                                    JEROME B. SIMANDLE
  &nbsn;                                                    U.S. District Judge